# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENA L. ANGELELLA,<br><br>    Plaintiff,<br><br>    v.<br><br>PITTSTON TOWNSHIP et al.,<br><br>    Defendants. | NO. 3:06-CV-00120<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 40.)

The case is brought under Title 42 of the United States Code, section 1983. Jurisdiction exists under section 1331 of Title 28 of the United States Code ("federal question").

Defendants' motion to dismiss will be granted in part and denied in part. Count I will survive the instant Order with respect to the pre-termination procedural due process claim as outlined in the Court's August 16, 2006 Order. The motion to dismiss with respect to Defendant Rinaldi in Count II will be denied because Plaintiff has sufficiently alleged a First Amendment retaliation claim. The motion to dismiss with respect to Defendants' media contact in Count II will be granted because the interest of the public in receiving information from public officials outweighs the privacy interest of the Plaintiff. Finally, the motion to dismiss with respect to Count III will be denied because Plaintiff has sufficiently alleged the elements of a failure to train cause of action.

## BACKGROUND

The facts as alleged in Plaintiff's Complaint are as follows.

Plaintiff Lena L. Angelella served as a Police Officer for Defendant Pittston Township ("Pittston") for almost nine years before being terminated on January 10, 2006. (Am. Compl. ¶ 1, Doc. 39.)  Plaintiff's employment was protected under the provisions of a Collective Bargaining Agreement ("CBA") with Pittston.  (*Id*. ¶ 11.)  Plaintiff was terminated from her position as a Police Officer, although "just cause" is the only proper rationale for termination of a police office pursuant to the language of the CBA.  (*Id*. ¶ 14.)  She was never informed of the existence or nature of any charges against her, thereby depriving her of any opportunity to respond thereto, and was not provided with pre- or post-termination hearings.  (*Id*. ¶¶ 16-17.)  After the filing of this lawsuit, on or around February 21, 2007, Defendant Rinaldi contacted and interfered with Plaintiff's employment with the Borough of West Wyoming.  (*Id*. ¶ 21.)  Defendants also contacted WBRE news regarding a mediation session between Plaintiff and Defendants.  (*Id*. ¶¶ 22-24.)

On January 17, 2006, Plaintiff filed a Complaint.  (Doc. 1.)  On February 14, 2006, Defendants filed a motion to dismiss.  (Doc. 8.)  By Order of the Court of August 16, 2006, Defendants' motion to dismiss was granted insofar as they sought dismissal of Plaintiff's post-termination procedural due process claims and Plaintiff's substantive due process claims, and denied with respect to Plaintiff's pre-termination procedural due process claims.  (Doc. 21.)  The case was then referred for mediation, but this process did not result in a settlement.  (Doc. 26.)

On March 13, 2007, Plaintiff filed an Amended Complaint.  (Doc. 39.)  On April 2, 2007, Defendants filed the present motion to dismiss the amended complaint.  (Doc. 40.)  This motion is fully briefed and ripe for disposition.

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all of the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d. 80 (1957)).  As a result of the *Twombly* holding, Plaintiff must now nudge her claims "across the line from conceivable to plausible" to avoid dismissal thereof.  *Id*.  The Supreme Court noted just two weeks later in *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), that *Twombly* is not inconsistent with the language of Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Id*. (citing *Twombly*, 127 S.Ct. at 1959 (quoting *Conley*, 355 U.S. at 47)).

There has been some recent guidance from the Courts of Appeals about the apparently conflicting signals of *Twombly* and *Erickson.*  The Second Circuit Court of

3

Appeals reasoned that "the [Supreme] Court is not requiring [in *Twombly*] a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).  Similarly, the Seventh Circuit Court of Appeals stated that "[t]aking *Erickson* and *Twombly* together, we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, — F.3d —, 2007 WL 2406859, at *4 (7th Cir. Aug. 24, 2007).

Until further guidance, this Court will follow the guidance of the Second and Seventh Circuit Courts of Appeals, and apply a flexible "plausibility" standard, on a case-by-case basis, in those contexts in which it is deemed appropriate that the pleader be obliged to amplify a claim with sufficient factual allegations.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor


credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

In the statement of jurisdiction, Plaintiff's Amended Complaint again alleges violations of the "First, Fourth and Fourteenth Amendments" to the United States Constitution. (Am. Compl. ¶ 9, Doc. 39.) The Fourth Amendment to the United States Constitution, which protects against unreasonable searches and seizures, has no applicability to this case.

### I.    Section 1983

Under 42 U.S.C. § 1983, every person who, under color of state law, subjects any citizen of the United States to the deprivation of any federal right shall be liable to the party injured.

## II.   Count I - Pre-Termination Procedural Due Process

To the extent that Plaintiff challenges the Defendants' failure to provide her with a pre-termination hearing, that cause of action is encompassed by Plaintiff's procedural due process claim in Count I.  In accordance with the Court's August 16, 2006 Order, this claim will survive the attached Order.  The alleged actions by Defendants regarding a post-termination hearing have already been dismissed by this Court in the August 16, 2006 Order.

## III.   Count II - First Amendment Retaliation

Plaintiff alleges that after filing the instant action, on or around February 21, 2007, Defendant Rinaldi "contacted and intentionally interfered with Officer Angelella's employment with the Borough of West Wyoming in retaliation for filing the instant lawsuit."  (Am. Comp. ¶ 21, Doc. 39.)  Further, Plaintiff alleges that Defendants and/or their agents contacted WBRE news and informed them of the date of "a confidential mediation session," and that Defendants' attorney appeared on WBRE to discuss this case, and caused "undue, unwarranted negative publicity on [Plaintiff]."  (*Id*. ¶¶ 22-24.)

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983."  *Anderson v. Davila*, 125 F.3d 148, 162 (3d Cir. 1997) (citing *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990)).  Although, in the employment context, a plaintiff ordinarily must show that his speech was a matter of public concern to qualify it as protected activity under the First Amendment, *see Connick v. Myers*, 461 U.S. 138 (1983), the Third Circuit Court of Appeals has held that this requirement is inapplicable where the speech itself constitutes

the plaintiff's lawsuit. *Id.*, *see San Filippo v. Bongiovanni*, 30 F.3d 424, 434-43 (3d Cir. 1994), *cert. denied*, 513 U.S. 1082 (1995). In *San Filippo*, the Third Circuit Court of Appeals held that a prima facie retaliation claim only requires that a plaintiff show that his lawsuit is not a sham. *San Filippo*, 30 F.3d at 434-43. *San Filippo* held that "The mere act of filing a non-sham petition is not a constitutionally permissible ground for the discharge of a public employee." *Id.* at 443.

The First Amendment protection afforded by the *San Filippo* holding, however, was not intended to encompass factual scenarios such as the instant one, *i.e.*, where alleged acts of retaliation occurred after an employment relationship was terminated. In this case, the retaliation alleged in Count II occurred after the employment relationship had ended, and as a result of the filing of the instant lawsuit.

As this case does not fall within the ambit of *San Filippo*, a mere showing that the litigation is not a sham will not suffice. The Plaintiff must instead meet the three elements enunciated in *Anderson* for First Amendment retaliation to a lawsuit. To prevail on Count II, Plaintiff must show: (1) that the plaintiff engaged in protected First Amendment activity; (2) the government actor responded with retaliation; and (3) the protected activity was the cause of the government actor's retaliation. *See Anderson*, 125 F.3d at 161.

A.  Defendant Rinaldi

The Court will first address Plaintiff's allegation against Defendant Rinaldi. Plaintiff alleges that after filing the instant action, on or around February 21, 2007, Defendant Rinaldi "contacted and intentionally interfered with Officer Angelella's employment with the Borough of West Wyoming in retaliation for filing the instant

7

lawsuit." (Am. Compl. ¶ 21, Doc. 39.)  The Court finds that the Plaintiff has sufficiently set forth information from which each element of the retaliation claim may be inferred. *See Anderson*, 125 F.3d at 161*; see also Kost*, 1 F.3d at 183.

Plaintiff's actions in petitioning the Court are undeniably a protected First Amendment activity.  The Supreme Court has consistently held that an individual's constitutional right of access to court is protected by the First Amendment's clause granting the right to petition the government for grievances.  "The right of access to the courts is indeed but one aspect of the right of petition."  *Anderson*, 125 F.3d at 161 (citing *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)); *see also Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990).  The Plaintiff has sufficiently alleged that Defendant Rinaldi responded with retaliation and that the initiation of the lawsuit was the cause of the Rinaldi's retaliation in satisfaction of the second and third elements of the *Anderson* test.

Accordingly, the motion to dismiss will be denied as it relates to Defendant Rinaldi's alleged actions in interfering with Plaintiff's employment with the Borough of West Wyoming in retaliation for filing the instant lawsuit.

B.     Defendants' Alleged Contact with the Media

Plaintiff's second allegation of First Amendment retaliation is that the Defendants contacted the media regarding the mediation.  Specifically, Plaintiff alleges that Defendants and/or their agents contacted WBRE news and informed them of the date of a "confidential mediation session," and that Defendants' attorney appeared on WBRE to discuss this case, and caused "undue, unwarranted negative publicity on [Plaintiff]."

8

(Am. Compl. ¶¶ 22-24, Doc. 39.)  With respect to retaliation in the form of media contact, courts "balance the interests of the public in receiving information from public officials . . ., versus the rights of the plaintiffs to be free from embarrassing publicity."  *Gallis v. Borough of Dickson City*, 2006 WL 2850633, at *7 (M.D. Pa. Oct. 3, 2006).

In conducting the balancing test, the *Gallis* court considered that documents were located in the public record.  *Id.*  Although Plaintiff may have received unwanted publicity from the media, judicial documents are a matter of public record.  The referral of this case to mediation is a matter of public record through this Court's November 21, 2006 Order.  (Doc. 26.)  The date of the mediation was also placed in the public record by the report of the mediator.  (Doc. 35.)  As in *Gallis*, the Court finds that the interest in the public in receiving information from Defendants as public officials outweighs the interest of the Plaintiff to be free from unwanted publicity.

Accordingly, the motion to dismiss will be granted as it relates to Defendants' alleged communications with the media.

**IV.    Count III - Failure to Train**

In Count III, Plaintiff states that the "Defendant Township failed to train its employees and agents that before taking a property interest away from a police officer it must provide an explanation of evidence and an opportunity to tell 'his side of the story.'" (Am. Compl. ¶ 26, Doc. 39.)  Further, Plaintiff alleges a failure by Defendant Township to train for "retaliation against employees who petition the government for redress," that the Defendant Township was "deliberately indifferent to Angelella's rights," that such failure to train was "intentional," and that the failure to train harmed the Plaintiff.  (*Id.* ¶¶ 26-29.)

9

A municipality cannot be held liable for the actions of its employees under section 1983 based upon *respondeat superior*. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978). However, a municipality may be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

A plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury" to prevail on an action for failure to train. *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). This custom must be "so widespread as to have the force of law." *Id.* at 404. To survive a motion to dismiss, the plaintiff must further "allege that a 'policy or custom' of [the defendants] was the 'moving force' behind the [constitutional] violation." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Brown*, 520 U.S. at 404).

A municipality can be held liable on the basis of failure to train when "'that failure amounts to 'deliberate indifference . . . [of the constitutional] rights of persons. . . .'" *Woloszyn v. County of Lawrence*, 397 F.3d 314, 324 (3d Cir. 2005) (citations omitted). There must also be a causal nexus, in that the "'identified deficiency in [the] training program must be closely related to the ultimate [constitutional] injury.'" *Id.* at 325 (citations omitted).

In the case of *Village of Throop v. Viola*, 2007 WL 2234589 (M.D. Pa. August 2, 2007), the Plaintiff filed a complaint based on numerous actions, including failure to train. The Plaintiff's complaint contained virtually identical allegations, including statements that

"Defendant . . . failed to train its employees and agents that before taking a property interest away from a full-time Police Officer it must provide an explanation of evidence and an opportunity to 'tell his side of the story'"; "Defendant . . . failed to train its employees and agents not to retaliate against employees who petition the government for redress"; "Defendant . . . was deliberately indifferent to [the officer's] rights and intentionally failed to train its employees adequately as referenced above as well as failed to have policies in place prohibiting the conduct in question"; and "Defendant['s] . . . failure to train caused [the officer] to be harmed as stated above." *Id.* at \*4.

In *Throop*, the court held that these claims were sufficient to allege a claim for failure to train. Similarly, the Amended Complaint is sufficient in that it alleges that Defendants failed to train employees and agents to allow employees the right to "'tell his side of the story'" and "not to retaliate against employees who petition the government for redress." (Am. Compl. ¶¶ 26-27, Doc. 39.) The Amended Complaint also alleges the injury Plaintiff suffered as a result.

There is no requirement at the pleading stage for Plaintiff to identify a specific policy to survive a motion to dismiss. *Carter v. City of Philadelphia*, 181 F.3d 339, 358 (3d Cir. 1999). This would be "unduly harsh" at this early juncture. *Id.* When accepting the facts in the complaint as true, with all inferences that can be drawn from them, the Plaintiff could, after discovery, prevail on this claim by enunciating the specific policies and demonstrating how they violated her rights.

**CONCLUSION**

For the reasons stated above, the Court will grant in part and deny in part Defendants' motion to dismiss.

An appropriate Order follows.

September __11__, 2007          /s/ A, Richard Caputo
                                  A. Richard Caputo
                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LENA L. ANGELELLA, | |
| Plaintiff, | NO. 3:06-CV-00120 |
| v. | (JUDGE CAPUTO) |
| PITTSTON TOWNSHIP, et al., | |
| Defendants. | |

**ORDER**

**NOW**, this __11__ day of September, 2007, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 40) pursuant to Federal Rule of Civil Procedure 12 is granted in part and denied in part as follows:

(1) Defendants' motion is **DENIED** with respect to respect to Plaintiff Lena L. Angelella in Count I.

(2) Defendants' motion is **DENIED** with respect to Plaintiff Lena L. Angelella as it relates to a cause of action for First Amendment retaliation against Defendant Rinaldi in Count II.

(3) Defendants' motion is **GRANTED** with respect to Plaintiff Lena L. Angelella as it relates to a cause of action for retaliation based on media communications in Count II.

(4) Defendants' motion is **DENIED** with respect to Plaintiff Lena L. Angelella in Count III.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge